## DIAZ v BYSTROM, etc., et al.
### Case No. 83-31667 CA 13
Eleventh Judicial Circuit, Dade County
July 11, 1985

### APPEARANCES OF COUNSEL

**Alan T. Dimond, Greenberg, Traurig, Askew, Hoffman, Lipoff, Rosen & Quentel,** for plaintiff.

**Robert A. Ginsburg,** Dade County Attorney, and **Daniel A. Weiss,** Assistant County Attorney, for defendants.

### OPINION OF THE COURT

ROSEMARY USHER JONES, Circuit Judge.

THIS CAUSE came before the Court on May 6, 1985, pursuant to Plaintiff's notice on Defendants' Motion to Dismiss for Lack of Jurisdiction. The Court reviewed the entire record in this proceeding and heard argument of counsel. After the hearing, the Court considered the memoranda of law submitted by counsel in support of their respective positions. Upon consideration, the Court makes the following:

## FINDINGS OF UNDISPUTED FACT

1. This is an action contesting the denial of agricultural classification for 1982 with respect to certain real property identified by tax assessment folio number 30-6029-00-0080-3 (the "subject property").

2. The Dade County Property Appraiser denied Plaintiff's 1982 application for agricultural classification of the subject property. The taxpayer petitioned the Property Appraisal Adjustment Board (PAAB) for relief. On December 1, 1982, the PAAB Special Master recommended denial of the taxpayer's petition. The PAAB issued its decision adopting the findings, conclusions and recommendations of the Special Master and certified the assessment to the Property Appraiser on September 26, 1983. The Property Appraiser certified the assessment to the Tax Collector for collection on October 25, 1983.

3. The 1982 taxes with respect to the subject property became delinquent by operation of law on April 1, 1983. On August 29, 1983, the Plaintiff-taxpayer paid $330.06 in taxes, allegedly his estimate in good faith of the taxes due and owing with respect to the 1982 assessment of the subject property. Thereafter, the taxpayer timely filed this action.

4. The taxes on the subject property for 1983, the year after the challenged assessment, became delinquent on April 1, 1984. The 1983 taxes and penalties owing on the subject property were not paid prior to the date of delinquency, but were finally paid on May 30, 1984, nearly 2 months after they became delinquent.

## CONCLUSIONS OF LAW

5. The Plaintiff-taxpayer has failed to comply with the express statutory jurisdictional requirement for maintaining this action. Good faith partial payment of the *contested* tax must be made before a taxpayer files a complaint to contest a tax assessment. Section 194.171(3), Florida Statutes (Supp. 1982). Such payment is a jurisdictional prerequisite to the *filing* of the action. *Id.* In addition, however, the taxpayer must comply with a jurisdictional condition for *maintaining* the action after it is filed. That is, all taxes on the property assessed in years *after* the action is brought which the taxpayer admits in good faith to be owing must be paid before they become delinquent. Section 194.171(5), Florida Statutes (1983), provides:

> No action to contest a tax assessment may be maintained, *and any such action shall be dismissed, unless all taxes on the property assessed in years after the action is brought*, which the taxpayer in good faith admits to be owing, *are paid before they become delinquent.* (Emphasis supplied.)

If the taxpayer fails to comply with the aforementioned jurisdictional requirement, the action "shall be dismissed." *Id.* Section 194.171(6), Florida Statutes (1983), provides:

> The requirements of subsections (2), (3) and (5) are jurisdictional. No court shall have jurisdiction in such cases until after the requirements of both subsections (2) and (3) have been met. *A court shall lose jurisdiction of a case when the taxpayer has failed to comply with the requirements of subsection (5).* (Emphasis supplied.)

6. Like the plain language of the statutes, the legislative history of the applicable provisions of Section 194.171 confirms the Legislature's intent to provide a mandatory jurisdictional standard for maintaining any tax assessment action. In 1982, present Section 194.171(5)—then numbered 194.171(4)—was amended to provide expressly that any tax case "shall be dismissed" unless taxes assessed in subsequent years are paid before they become delinquent. Chapter 82-226, Section 17, Laws of Florida. The 1983 amendments contained in Chapter 83-204, Laws of Florida, expressly provide that the initial good faith partial payment of the contested tax before filing the action, and subsequent partial payment of taxes for later years before they become delinquent, are *both* jurisdictional prerequisites. Section 194.171(6), Florida Statutes (1983). The 1983 amendment also specifies that the court "shall lose jurisdiction" if partial payment of taxes for later years is not made prior to delinquency. Section 194.171(6), Florida Statutes (1983).

7. Only a single appellate decision has been rendered applying Section 194.171(5) and (6), Florida Statutes (1983). In *Markham v. Corlett*, 453 So.2d 907 (Fla. 4th DCA 1984), the Fourth District Court of Appeal reversed the trial court for not dismissing a tax assessment action where the taxpayer failed to comply with the recently enacted statutes upon which the taxing authorities here rely in support of their motion to dismiss for lack of jurisdiction. The *Corlett* court said:

> This action contesting a tax assessment is barred by the provisions of Section 194.171(3), (5) and (6), Florida Statutes (1983). *The taxes in question were not paid before they became delinquent.* (Emphasis supplied.)

This Court is required by the plain language of Sections 194.171(5) and (6), Florida Statutes (1983), to dismiss the present action for Plaintiff's failure to pay the 1983 taxes with respect to the subject property "before they became delinquent." *Corlett.*

8. The Florida Legislature has in the most unequivocal language possible specified that the payment of subsequent years' taxes is a

mandatory jurisdictional prerequisite to maintaining a tax assessment action. Section 194.171(6), Florida Statutes (1983); *Markham v. Corlett*, 453 So.2d 907 (Fla. 4th DCA 1984). To permit this action to remain pending under the circumstances at bar, this Court would have to ignore the legislative mandate that "such actions *shall* be dismissed, unless all taxes on the property assessed in years after the action is brought, which the taxpayer in good faith admits to be owing, are paid *before they become delinquent.*" Section 194.171(5), Florida Statutes (1983).

Based upon the specific findings and conclusions set forth hereinabove, it is accordingly

ORDERED AND ADJUDGED that Defendants' Motion to Dismiss for Lack of Jurisdiction is granted, and this cause be and the same is hereby dismissed with prejudice, provided that the Court retains jurisdiction to tax costs.